```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      CLARKSBURG
```

ADAM JOEL MYERS, DDS, PLLC,
doing business as Pineview Dental
Care, and ADAM JOEL MYERS,

    **Plaintiffs,**

v.                                          Civ. Action No. 1:20-cv-148
                                                                     (KLEEH)

CINCINNATI INSURANCE COMPANY,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 7]

Pending before the Court is a Motion to Remand [ECF NO. 7]. Plaintiffs filed the Motion to Remand pursuant to 28 U.S.C. §§ 1441 and 1446(a), and move to remand the case to the Circuit Court of Monongalia County, West Virginia, alleging that Defendant has failed to satisfy its burden of proving the $75,000.00 amount in controversy requirement. For the reasons discussed herein, the Motion is granted.

### I. PROCEDURAL HISTORY

Plaintiffs' Complaint was served on Defendant on July 2, 2020, after being filed in the Circuit Court of Monongalia County, West Virginia. [ECF No. 1-1]. On August 1, 2020, Defendant Cincinnati Insurance Company ("Cincinnati Insurance") timely filed a Notice

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 7]**

of Removal from the Circuit Court. [ECF No. 1]. This Court sent a First Order and Notice Regarding Discovery and Scheduling on August 4, 2020. [ECF No. 3]. Cincinnati Insurance filed a Motion to Dismiss for Failure to State a Claim and Memorandum in Support on August 10, 2020. [ECF No. 5, 6]. The instant Motion to Remand and Memorandum in Support was filed by Plaintiffs Adam Joel Myers, DDS, PLLC d/b/a Pineview Dental Care and Adam Joel Myers ("Plaintiffs"). [ECF No. 7]. Plaintiffs' Motion to Stay Briefing of Defendant's Motion to Dismiss [ECF No. 8] pending the Motion to Remand was filed and granted by Order [ECF No. 9]. Cincinnati Insurance's Response in Opposition to the Motion to Remand [ECF No. 10] was filed on August 28, 2020, and Plaintiffs' Reply [ECF No. 12] was filed on September 4, 2020. The Amended Complaint was filed on August 31, 2020. [ECF No. 11]. A Motion for Extension of Time to File a Response to the Amended Complaint was filed [ECF No. 13] and granted by Order on September 10, 2020. [ECF No. 14]. The Report of Rule 26(f) Planning Meeting was filed [ECF No. 15]. Thereafter, the Court stayed all deadlines pending the resolution of the Motion to Remand by order entered on October 8, 2020. [ECF No. 18].

## II.   GOVERNING LAW

When an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511

U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Id. (citations omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

When a party seeks to remove a case based on diversity of citizenship, that party bears the burden of establishing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332. It is required that an action "be fit for federal adjudication at the time the removal petition is filed." See 28 U.S.C. § 1441(a); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996)). If the complaint does not contain a specific amount in controversy and the defendant files a notice of removal, "the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount," and "the court may consider the entire record" to determine whether that burden is met. Elliott v. Tractor Supply Co., No. 5:14CV88, 2014 WL 4187691, at *2 (N.D.W. Va. Aug. 21, 2014) (citation omitted).

If the action seeks declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). This is measured by "the pecuniary result to either party which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).

If the defendant sufficiently proves by a preponderance of the evidence that the amount in controversy exceeds $75,000 and the parties are diverse, then removal is proper. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014). "[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendant[] ha[s] proven by a preponderance of the evidence that [the] . . . complaint seeks damages in excess of $75,000." Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004). The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

### III. THE COMPLAINT

Plaintiff Adam Myers is a licensed dental professional and owner of Plaintiff Adam Joel Myers DDS, PLLC d/b/a Pineview Dental

Care, address for principal place of business at 1189 Pineview Drive Suite A, Morgantown, WV 26505-2780. Compl., ECF No. 1-1, at ¶ 2. Cincinnati Insurance is an Ohio corporation with its primary place of business located at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Id. ¶ 3.

On March 16, 2020, in response to COVID-19, Governor Jim Justice declared a State of Emergency in the State of West Virginia. Id. ¶ 4. One week later, on March 23, 2020, Governor Justice issued Executive Order No. 9-20, declaring that all individuals in West Virginia are subject to a stay-at-home order and are directed to stay at home unless performing an essential activity. Id. ¶ 6. Governor Justice thereafter issued Executive Order No. 16-20, mandating all elective medical procedures prohibited as of April 1, 2020. Id. ¶ 8. Elective procedures included those which are not immediately medically necessary to preserve the patient's life or long-term health. Id. As a result of Executive Order No. 16-20, Plaintiffs were forced to close their business, were prohibited access to the business, and were precluded from performing dental services. Id. ¶ 9. Because of Plaintiffs' business closure due to Executive Order No. 16-20, Plaintiffs incurred extra expenses that they would have not otherwise incurred and experienced a substantial loss of income. Id. ¶ 10. Plaintiffs were forced to shut down the business and

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 7]**

were prohibited from providing dental services for two months. Am. Compl., ECF No. 11, at ¶ 63.

At the time Governor Justice issued Executive Order No. 16-20, Plaintiffs were insured by Cincinnati Insurance under Policy Number ECP 025 60 06 ("Policy"). Compl., ECF No. 1-1, at ¶ 11. This policy was effective in coverage July 1, 2017 to July 1, 2020. Id. The policy was an "all perils" policy which included coverage for all risks of loss unless specifically excluded. Id. ¶ 12.

Plaintiffs also had a policy with Cincinnati Insurance for Business Income and Extra Expense coverage. Id. ¶ 20. Plaintiffs presented a claim to Cincinnati Insurance, which was denied on or about April 21, 2020. Id. ¶ 36. Plaintiffs therefore sued Cincinnati Insurance in Monongalia County Circuit Court, alleging breach of contract. In the Complaint, Plaintiffs request relief for "all benefits they are contractually entitled to recover pursuant to Cincinnati Insurance Company Policy, Policy No. ECP 025 60 06, and for compensatory and general damages, in an amount within the jurisdiction of this Court to be determined by a jury, for pre-judgment and post-judgment interest, attorney fees and costs expended in this action, for any other specific or general relief as may become apparent as this matter progresses, and such other relief as this Court deems proper." Id. 9–10; Am. Compl., ECF No. 11, at 12-13. Plaintiffs also claim damages in the form of attorney fees, emotional distress, mental anguish, inconvenience,

annoyance, humiliation, embarrassment, aggravation, fear, worry, concern and anxiety. Notice of Removal, ECF No. 1, at ¶ 8; Compl., ECF No. 1-1, at ¶ 47; Am. Compl., ECF No. 11, at ¶ 71.

## IV. DISCUSSION

First, removal is timely, as the notice was filed on August 1, 2020, which is within 30 days of the date Cincinnati Insurance first received notice of Plaintiffs' Complaint served on July 2, 2020. 28 U.S.C. § 1446(b). As discussed herein however, Cincinnati Insurance failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00; therefore, the Court **GRANTS** Plaintiffs' Motion to Remand [ECF No. 7].

### A. Diversity Jurisdiction

Both parties state that Plaintiffs' principal place of business is in Morgantown, West Virginia. Plaintiff Pineview Dental Care, as an LLC, is a citizen of every state in which its owners or members are citizens. Gen. Tech. Applications, Inc., v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). Plaintiff Adam Joel Myers is a resident of Morgantown, Monongalia County, West Virginia. Cincinnati Insurance is an Ohio Corporation with a principal place of business in Fairfield, Ohio. Therefore, complete diversity exists among the parties.

### B. Amount in Controversy

Cincinnati Insurance fails to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. "When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount." Elliott v. Wal-Mart Stores, Inc., No. 5:08CV30, 2008 WL 2544650, *1 (N.D.W. Va. 2008) (citing Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D.W. Va. 1994)).

Plaintiffs argue that Cincinnati Insurance failed to quantify Plaintiffs' claims. This Court agrees. In fact, Plaintiffs do not allege a monetary amount in the Complaint or Amended Complaint, leaving the record completely devoid of evidence regarding the amount in controversy requirement. While Cincinnati Insurance is required to show by a preponderance of the evidence that this action meets the minimum amount in controversy, Cincinnati Insurance repeats the damages that Plaintiffs claim, which include substantial loss of business income, attorney fees, emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, fear, worry, concern and anxiety. Notice of Removal, ECF No. 1, at ¶ 8; Compl., ECF No. 1-1, at ¶ 47; Am. Compl., ECF No. 11, at ¶ 71. Cincinnati Insurance simply refers to these allegations in the Complaint and states: "[g]iven the spectrum of damages claims by Plaintiffs in their Complaint, the amount in controversy reasonably exceeds $75,000." Notice of

Removal, ECF No. 1, at ¶ 9. Such bare allegations are insufficient to prove by a preponderance of the evidence that Plaintiffs have reached the $75,000.00 minimum. The Court further notes that Cincinnati Insurance failed to attach any exhibit remotely describing a monetary amount at stake in this litigation. Cincinnati Insurance, being the policy provider, likely has in its possession gross receipts from Plaintiffs, evidence depicting premiums per month, and other industry data that would be helpful to the Court in determining any amount in controversy. None are presented here to refute the remand request. While this Court is required to use "common sense" in determining the amount in controversy, see Mullins, 861 F. Supp.2d at 847, it cannot sufficiently predict the future without some evidentiary support. Plainly, Defendant has failed to sustain its burden.

Furthermore, although Plaintiffs may have alleged a "spectrum of damages" in their Complaint and Amended Complaint, not all of those damages are recoverable under the cause of action asserted. "Except in extraordinary circumstances, such as a breach of a promise to marry, compensatory damages for emotional distress without an accompanying physical or economic loss cannot be awarded in a contract action." Allen v. Smith, 368 S.E.2d 924, 927 (W. Va. 1988) (citation omitted). Although Plaintiffs may have pleaded their claim for damages broadly, the law of breach of contract reigns such efforts in much more narrowly. This Court, again

exercising the "common sense" standard, will not suspend that sense to consider categories of damages ultimately unrecoverable as a matter of law.

Cincinnati Insurance also argues that Plaintiffs lodge a declaratory judgment action against it. However, while Plaintiffs received a denial in coverage letter from Cincinnati Insurance, Plaintiffs filed the Complaint alleging breach of contract asking the court for damages due to the substantial loss of business income as well as extra expenses. Compl., ECF No. 1-1, at ¶ 10. Plaintiffs' Complaint and Amended Complaint make clear it brings a breach of contract claim only, and therefore seek damages from that breach, including compensatory and general damages, pre-judgment and post-judgement interest, attorney fees and costs, and other relief that may become apparent as the litigation progresses. Id. 9-10; Am. Compl., ECF No. 11, at 12-13.

While the Policy provides up to twelve months of coverage for business income and extra expenses for covered claims, Plaintiffs have pleaded a breach of contract claim only, and for relief for a two-month time period. Am. Compl., ECF No. 11, at ¶ 63; Motion to Remand, ECF No. 7, p. 5; Commercial Property Coverage Part Declarations, ECF No. 1-2. Further, Plaintiffs make no bad faith allegations against Cincinnati Insurance, nor do they allege gross negligence or recklessness substantiating a punitive damages award.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 7]**

Because Cincinnati Insurance has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, the Court **GRANTS** Plaintiffs' Motion to Remand. [ECF No. 7].

### V. CONCLUSION

For the reasons discussed above, the Motion to Remand is **GRANTED** [ECF No. 7]. Defendant's Motion to Dismiss [ECF No. 5] is denied **WITHOUT PREJUDICE** as **MOOT**. This action is hereby **REMANDED** to the Circuit Court of Monongalia County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: February 2, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE